# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LEON BANKS,<br><br>          Plaintiff,<br><br>v.<br><br>GWENDOLYN MCKAY, ET AL.,<br><br>          Defendants. | Case No. 23-C-1560 |
| LEON BANKS,<br><br>          Plaintiff,<br><br>v.<br><br>RONETTE TOLLIVER, ET AL.,<br><br>          Defendants. | Case No. 24-C-253 |
| LEON BANKS,<br><br>          Plaintiff,<br><br>v.<br><br>PAMANDING SANNEH, ET AL.,<br><br>          Defendants. | Case No. 25-C-109 |
| LEON BANKS,<br><br>          Plaintiff,<br><br>v.<br><br>JONATHAN BOHNSACK, ET AL.,<br><br>          Defendants. | Case No. 25-C-202 |

| | |
|---|---|
| **LEON BANKS,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**LINDSAY WALKER, ET AL.,**<br><br>        **Defendants.** | **Case No. 25-C-514** |
| **LEON BANKS,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**JASON BENZEL,**<br><br>        **Defendant.** | **Case No. 25-C-559** |
| **LEON BANKS,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**CHRISTOPHER OLSON, ET AL.,**<br><br>        **Defendants.** | **Case No. 25-C-782** |
| **LEON BANKS,**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**BRICE ARNOLD, ET AL.,**<br><br>        **Defendants.** | **Case No. 25-C-857** |

| | |
|---|---|
| **LEON BANKS,**<br><br>            **Plaintiff,**<br><br>**v.**<br><br>**DENITA BALL, ET AL.,**<br><br>            **Defendants.** | **Case No. 25-C-1368** |
| **LEON BANKS,**<br><br>            **Plaintiff,**<br><br>**v.**<br><br>**DOE 1, ET AL.,**<br><br>            **Defendants.** | **Case No. 26-C-127** |

## ORDER

Plaintiff Leon Banks, an prisoner at the Columbia Correctional Institution, has filed 19 cases in this district, 10 of which are currently open, and several of which have been recently dismissed based on his failure to respond to motions, failure to submit required documents, and failure to diligently prosecute the case. On January 26, 2026, Plaintiff filed yet *another* new case despite my repeated warnings in his pending cases that he should <u>not</u> file more cases than he is capable of litigating at one time. All of Plaintiff's cases are §1983 civil rights cases and multiple were against the same groups of defendants. Specifically, Plaintiff has filed the following cases:

| Date Filed | Case Number | Disposition |
|---|---|---|
| 11/20/2023 | 23-C-1560 | Discovery |
| 02/26/2024 | 24-C-0253 | Summary Judgment Briefing (Merits) |
| 01/22/2025 | 25-C-0109 | Discovery |

| | | |
|---|---|---|
| 02/10/2025 | 25-C-0202 | Discovery |
| 04/07/2025 | 25-C-0514 | Awaiting Answer from Defendant Moore |
| 04/17/2025 | 25-C-0559 | Discovery |
| 05/30/2025 | 25-C-0782 | Discovery |
| 06/16/2025 | 25-C-0857 | Summary Judgment Briefing (Exhaustion) |
| 09/08/2025 | 25-C-01368 | Awaiting Amended Complaint |
| 01/26/2026 | 26-C-0127 | Pre-screening |

The right of access to the federal court is not absolute. *In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003) (citing *United States ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 669, 674 (7th Cir. 1995)). Individuals are "only entitled to meaningful access to the courts." *Id.* (citing *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). "Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). A federal court's inherent powers include "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991). The All Writs Act, 28 U.S.C. § 1651(a), gives district courts the "inherent power to enter pre-filing orders against vexatious litigants." *Orlando Residence Ltd. v. GP Credit Co., LLC*, 609 F. Supp. 2d 813, 816–17 (E.D. Wis. 2009) (citing *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007)). "A filing restriction must, however, be narrowly tailored to the type of abuse, and must not bar the courthouse door absolutely." *Chapman v. Exec. Comm.*, 324 Fed. App'x 500, 502 (7th Cir. 2009) (citations omitted). "Courts have consistently approved filing bars that permit litigants access if they cease their abusive filing practices," but have "rejected as overbroad filing

bars in perpetuity." *Id.* (citations omitted); *Smith v. United States Cong.*, No. 19-CV-1001-PP, 2019 WL 6037487, at *9 (E.D. Wis. Nov. 14, 2019).

Under the circumstances presented by Plaintiff having filed a large number of cases in a relatively short period of time, and the fact that he continues to file *new* cases even though his pending cases are not being diligently prosecuted, I find it appropriate to impose a filing bar limiting Plaintiff to proceeding with only two cases before this branch of the district court at any one time, with the exception that the bar will not apply to habeas corpus petitions relating to his criminal convictions. Accordingly, I will allow Plaintiff to proceed with his two oldest filed cases—23-C-1560 and 25-C-253—and the remaining cases will be administratively closed subject to a motion to reopen after such time as the number of Plaintiff's pending cases falls below two. Plaintiff may move to modify or rescind this bar no earlier than three years after the date of this Order. *See Smith,* 2019 WL 6037487, at *11.

For the reasons stated, **IT IS HEREBY ORDERED** that Leon Banks is **BARRED** from having more than two open cases before this branch of the district court, with the exception that the bar will not apply to habeas corpus petitions relating to his criminal convictions.

**IT IS FURTHER ORDERED** that the Clerk of Court shall return **UNFILED** any new cases submitted by or on behalf of Plaintiff in violation of this Order. Plaintiff may move to modify or rescind this bar no earlier than three years after the date of this Order.

**IT IS FURTHER ORDERED** that, consistent with the terms of this Order, the pending motions in case nos. 25-C-109, 25-C-202, 25-C-514, 25-C-559, 25-C-782, 25-C-857, 25-C-1368, & 26-C-127 shall be **TERMINATED** and the cases

**ADMINISTRATIVELY CLOSED**.  Plaintiff may file a motion to reopen after such time as

the number of Plaintiff's pending cases falls below two.

Dated at Milwaukee, Wisconsin this 28th day of January, 2026.


/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge